**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELDER ZACARIAS-LOPEZ,<br><br>Plaintiff<br><br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>Defendants | Case No.: 2:12-cv-548-JAD-GWF<br><br>**Order Granting Defendants' Motion for Summary Judgment [Doc. 9]** |

In this pro se prisoner civil-rights action, Plaintiff Elder Zacarias-Lopez alleges that his Fourteenth Amendment Due Process rights were violated during discipline hearings and during related grievance proceedings, after he was accused of possessing a prison-made weapon while incarcerated at Nevada's Southern Desert Correctional Facility. Plaintiff's complaint survived initial screening, *see* Doc. 3, and Defendants[1] now move for summary judgment. Doc. 9. The Court has evaluated the papers and considered the arguments, including Plaintiff's Opposition and Defendants' Reply. Docs. 17–18. As the evidence viewed in the light most favorable to Plaintiff fails to support a due-process claim, the Court grants the motion and enters judgment in Defendants' favor for the reasons below.[2]

---

[1] Defendants Jaeger, Panozzo, and Williams filed this motion, Doc. 9, in which Defendant Orr joins. Doc. 16. Although "Investigator Harris" was named as a defendant in this action, the record does not reflect that he was ever served. Accordingly, all defendants who have appeared in this action join in this summary-judgment request.

[2] The Court finds this motion appropriate for resolution without oral argument. L.R. 78-2. Plaintiff was timely provided with the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d

**Discussion**

**A.     Background**

Plaintiff is an inmate at the Southern Desert Correctional Facility ("SDCF") run by the Nevada Department of Corrections. Defendant Correctional Officer Panozzo was escorting Plaintiff and two other inmates to the prison kitchen when Panozzo heard what sounded like metal dropping to the floor. Panozzo ordered Plaintiff and the other inmates to stand against the wall and found a prison-made weapon on the floor next to Plaintiff's foot, situated between Plaintiff and his cell.

Panozzo filed a Disciplinary Form I/Notice of Charges against Plaintiff for the major disciplinary offense of contraband possession. Plaintiff received the notice and pled not guilty to the charge; the matter was referred for a disciplinary hearing.

Plaintiff asked to call five inmates as witnesses at his hearing, which was conducted by Defendant Sergeant Jaeger. Jaeger considered Panozzo's written report of the incident and allowed the testimony of one of Plaintiff's five requested witnesses, but denied the remaining four as "redundant," reasoning that "all witnesses will testify to the same thing, [so] only one will be used." Ultimately, the Plaintiff was found guilty and was ordered to six months in disciplinary segregation. Plaintiff suffered no actual, physical injury while in segregation.

Plaintiff filed several informal and formal grievances appealing Jaeger's findings. He argued that he was wrongly accused and adjudged guilty, even though the burden of proof was not met; he complained that the other three inmates were not investigated, that the prison-made weapon fell out of a mattress earlier in the day, and that Panozzo's story was unclear. All of Plaintiff's grievances were denied and his disciplinary-segregation sentence was upheld. He then moved his challenge to this Court, filing a 42 U.S.C. § 1983 civil rights complaint against SDCF warden Brian Williams, Officer Panozzo, Sergeant Jaeger, Officer Orr, and "Investigator Harris" for violations of his Fourteenth Amendment Due Process rights. He prays for $50,000 in general damages, $250,000 in special damages, and $50 million in punitive damages.

---

409 (9th Cir. 1988).  Doc. 10.

**B.     Defendants' Motion for Summary Judgment**

Defendants characterize Plaintiff's lawsuit as an appeal "based on his desire to set aside disciplinary charges"—a challenge for which this Court is not the proper forum. Doc. 9 at 10. Defendants move for summary judgment, arguing that Plaintiff's evidence falls far short of proving a due process violation because he was not entitled to call five witnesses at his disciplinary hearing and because the presence of "some evidence" supporting Jaeger's ruling satisfies due process. *Id*. at 5, 9. Alternatively, Defendants argue that Warden Williams should be dismissed as a defendant because there is no respondeat superior liability under § 1983 and Warden Williams did not participate in Zacarias-Lopez's disciplinary hearing—and that, regardless, Plaintiff's failure to identify any actual physical injury or harm dooms his claim for anything more than nominal damages under the Prison Litigation Reform Act. *Id*. at 11.

In opposing the motion, Plaintiff argues that the only issue of fact for trial is whether the additional witnesses were redundant. Doc. 17 at 2, 5. He contends that the decision to limit his witnesses was arbitrary and that "[i]ts [sic] only alleged by Sgt. Jaeger that the additional witnesses are/were denied as redundant." *Id.* at 5. Plaintiff also argues that there was no evidence to support the guilty finding save a single report by Panozzo, which "could be considered written in a bias [sic], racially discriminatory manner." *Id.* at 6. To that end, Plaintiff alleges there were legitimate constitutional violations and that this Court is the appropriate forum to adjudicate his claims. *Id.* at 7–8. Lastly, Plaintiff asserts that he is not required to show proof of actual injury at the summary judgment stage. *Id.* at 8–9.

*1.     Summary Judgment Standard*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). When evaluating the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on the material facts at issue, summary

judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor. *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49. The Court may only consider properly authenticated, admissible evidence in deciding a motion for summary judgment. Fed. R. Civ. P. 56(c); *Orr*, 285 F.3d at 773–74. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

### 2.    *Plaintiff's Due Process Claim Fails for Lack of Proof.*

The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Although prisoners retain due process rights, those rights are limited "by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citations omitted). As "[p]rison disciplinary proceedings are not part of a criminal prosecution," prisoners do not enjoy "the full panoply of rights due a [criminal] defendant." *Id.*

Although a correctional facility must provide an inmate with minimal procedural due process protections during a prison disciplinary proceeding, including opportunities to call witnesses and to present documentary evidence in defense, a prisoner's right to call witnesses during a prison disciplinary hearing is tempered by institutional needs such as safety and correctional goals. *Id.* at 563, 566. Although a blanket prohibition against calling another inmate or staff member as a

witness before a disciplinary committee would violate due process, *Bartholomew v. Watson*, 665 F.2d 915, 918 (9th Cir. 1982), a prison official may refuse to call the prisoner's identified witnesses so long as the specific refusal is justifiable. *Wolff*, 418 U.S. at 566–67. For example, refusal to call a witness is justified when the testimony would be irrelevant, unnecessary, or hazardous, *id.* at 566, or when the testimony would be redundant or non-probative. *Bostic v. Carlson*, 884 F.2d 1267, 1273 (9th Cir. 1989) (recognizing that "prison disciplinary committees may sometimes deny a defendant the right to call redundant and unnecessary witnesses"); *see also Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002) (noting that "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary."); *Feliciano v. Selsky*, 205 F.3d 568, 570 (2d Cir. 2000) (holding that "prison hearing officers have the discretion to keep disciplinary hearings within reasonable limits and that this discretion includes the power to refuse to call witnesses whose testimony may reasonably be regarded as non-probative or duplicative.").

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . .'" *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) (quoting *United States ex rel. Vajtauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927)).[3] The Court need not examine the entire record, independently assess witness credibility, or weigh the evidence. *Id.* Instead, the relevant inquiry is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 456. Thus, the Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board; it only requires that there be "some evidence" to support the finding, even if that evidence may be characterized as meager. *Id.* at 457; *Tousaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986) (prison officials' decisions require only some basis in fact).

---

[3] "[T]he 'some evidence' requirement is an 'evidentiary standard.' As such, procedural, not substantive, due process guarantees inmates that their validation will be based on some evidence." *Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013) (internal citations omitted).

### a. Plaintiff was not denied his due process right to call witnesses because any refusal to allow additional witnesses was justified as redundant.

Plaintiff contends "he was denied the opportunity to call witnesses [to] testify that the prison-made weapon wasn't found by his feet; there were three (3) other inmates in the area of the weapon; that the weapon was seen to have fallen out of a mattress; that the clothing Plaintiff was wearing on the date of the hearing, could not have hid the weapon due to its length, etc." Doc. 17 at 4. Defendants proffer evidence that Plaintiff did, in fact, call one witness and raised all of these arguments in some fashion during his administrative appeals process. *See* Doc. 9, at Ex. C.

There are no genuine issues of material fact. Contrary to Plaintiff's assertion that it is "only alleged" that "the additional witnesses are/were denied as redundant," the evidence proffered here establishes that only one witness was allowed to testify and the remaining witnesses were, in fact, denied as redundant. Therefore, the only question left here is the legal one of whether the prison officials' refusal to call these additional witnesses was justified and reasonable.

Defendants have presented evidence showing that Plaintiff was allowed one witness and that the additional witnesses were denied as redundant, so the burden shifted to Plaintiff to demonstrate by admissible evidence that each additional witness was not redundant and that Sergeant Jaeger's refusal to permit them to testify was unjustified. He has failed to show this. Notably, at the time Plaintiff requested the additional witnesses, he did not identify to what each witness would testify. Doc. 9, at Ex. C, at 9. Plaintiff only identified the name of each witness and his inmate and cell number. *Id.* Even now, Plaintiff does not identify which witness would have testified to what, or whether all four witnesses would have testified to all the same things. Doc. 17, at 11–13. More important, however, is that the evidence presented by Defendants belies Plaintiff's claim that additional witness testimony would not be redundant. Plaintiff himself stated during the grievance process that he had nothing to do with the prison-made weapon, that there were three other inmates in the vicinity of the incident, and that the prison-made weapon fell out of a mattress. Doc. 9, Ex. 4 at 2–5. The witness who testified merely corroborated Plaintiff's claim that he had nothing to do with the contraband and that it fell out of a mattress. *Id.* at 6. Additional corroborating testimony that the prison-made weapon did not belong to the Plaintiff, or that the weapon fell out of a mattress,

was necessarily redundant and justifiably refused. *See Bostic*, 884 F.2d at 1273.

As Plaintiff has failed to show that each additional witness' testimony was relevant or not redundant, there is a complete failure of proof concerning this essential element of Plaintiff's due process claim. Defendants are entitled to judgment as a matter of law.

### ***b.   Plaintiff was not denied his due process rights because there was "some evidence" of his guilt.***

Plaintiff argues Panozzo's report was insufficient to provide "some evidence" of Plaintiff's guilt. However, Plaintiff misperceives the nature of the evidence required by the Due Process Clause and seeks to hold Defendants to a significantly higher burden of proof than what is legally required. The evidence before the disciplinary board was Panozzo's report, which indicated that he heard an object that sounded like metal hit the floor, and upon investigating, discovered a prison-made weapon on the floor by Plaintiff's foot. This report alone constitutes "some evidence" to support the prison disciplinary board's finding. *See Superintendent*, 472 U.S. at 455; *see also Flowers v. Anderson*, 661 F.3d 977, 980–81 (8th Cir. 2011) (discovery of weapon in area occupied by several inmates constitutes "some evidence" that any one of them possessed the contraband, supporting summary judgment on due process claim). Plaintiff's disagreement with the hearing officer's weight and credibility assessments do not support a federal due process claim.

Due process is satisfied even if there is no direct evidence to support that the prison-made weapon definitively belonged to Plaintiff and even if the other three inmates were not investigated or exculpated. Plaintiff undoubtedly would have liked more evidence to support any guilty finding, but due process did not require it. The record before the Court is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Accordingly, as there are no genuine issues of material fact regarding whether "some evidence" supported the prison disciplinary decision, and as the due process requirements are satisfied, Defendants are entitled to judgment as a matter of law.

Finally, because there is no predicate due-process violation to support any claim against Defendant Williams or to support Plaintiff's claims for damages, the Court need not address those arguments and declines to do so here.

**Conclusion**

Accordingly, and with good cause appearing and with no reason for delay,

It is hereby ORDERED that Defendants' Motion for Summary Judgment **[Doc. 9] is GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendants.

DATED February 4, 2014.

_____
Jennifer A. Dorsey
United States District Judge