1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Elder Zacharias-Lopez,

        Plaintiff

        v.

Brian Williams et al.,

        Defendants

Case No.: 2:12-cv-00548-JAD-GWF

**Order Denying Reconsideration**

10

11

12

13

14

15

16

      This case arose out of plaintiff Elder Zacharias-Lopez's disciplinary hearings and related grievance proceedings, after he was accused of possessing a prison-made weapon while incarcerated at Nevada's Southern Desert Correctional Facility.  I granted summary judgment in defendants' favor and a clerk's judgment has been entered in their favor.[1]  Zacharias-Lopez now brings this motion for reconsideration—which the defendants oppose—urging me to find that his due-process rights were violated, particularly with regard to his right to call witnesses at his disciplinary hearing.[2]  After carefully considering the record and law, I deny the request for reconsideration.[3]

17

**Discussion**

18

19

20

21

22

      Motions for reconsideration are not expressly authorized by the Federal Rules of Civil Procedure, but courts may grant them under Rule 59(e).[4]  Reconsideration is only warranted when: (1) the movant presents newly discovered evidence, (2) the district court committed clear error or the initial

23

    [1] Docs. 24–25.

24

    [2] Docs. 67–68.

25

26

    [3] Doc. 26.  I find this motion appropriate for resolution without oral argument.  LR 78-2.  I also liberally construe all of Zacharias-Lopez's pro se motions and pleadings.  *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

27

    [4] *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 179 F.3d 656, 665 (9th Cir. 1999).

28

1   ruling was manifestly unjust, or (3) there is an intervening change in controlling law.[5]   Although

2   reconsideration may also be warranted in other highly unusual circumstances, it is well recognized as

3   an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

4   resources."[6]

5          Zacharias-Lopez asks for reconsideration of my order granting summary judgment, but as the

6   defendants correctly observe, the arguments in Zacharias-Lopez's motion reflect arguments that he

7   already raised in his motion opposing summary judgment.[7]   He presents no newly discovered

8   evidence for reconsideration; does not show that my earlier order was clearly erroneous or

9   manifestly unjust; and fails to establish, or indeed to even argue, that the controlling law has

10  changed.   I thus find no developments that would warrant reconsideration of the order the plaintiff

11  now challenges.

12         Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Zacharias-

13  Lopez's motion for reconsideration **(Doc. 26) is DENIED**.   I continue to find that summary

14  judgment was properly granted against Zacharias-Lopez and in favor of the defendants.

15         DATED December 19, 2014.

16

17

18  _____
    Jennifer A. Dorsey
19  United States District Judge

20

21

22

23
    [5] *Id.* (citing *All Haw. Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw.
24  1987)).

25  [6] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quoting 12 James Wm. Moore et al.,
    Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

26
    [7] Doc. 27 (defendants' response to motion for reconsideration); Doc. 26 (plaintiff's motion for
27  reconsideration); Doc. 17 (plaintiff's response to motion for summary judgment).

28                                          2